IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAWN M. EICHMAN,

                                              OPINION AND ORDER

                 Plaintiff,

                                              09-cv-624-slc

     v.

MANN BRACKEN, LLC;
WELD, RILEY, PRENN & RICCI S.C.;
RYAN J. STEFFES; JOHN DOE, ONE UP;
and JANE DOE, ONE UP;

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Dawn Eichman, a resident of Turtle Lake, Wisconsin, has filed this civil action in which she contends that defendants Weld, Riley, Prenn & Ricci S.C. and Ryan Steffes violated her rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d-f; the Wisconsin Consumer Act, Wis. Stat. § 427.104; and the Uniform Commercial Code, Wis. Stat. chs. 403-405. Plaintiff's claims relate to defendants' conduct in a state court action that plaintiff brought to vacate an arbitration award that Chase Bank USA, N.A. had secured against her for an alleged credit card debt. <u>Eichman v. Chase Bank USA, N.A.</u>, Circuit Court for Polk County Case No. 2009-CV-000062. She alleges that during the lawsuit, which is still ongoing, defendants filed baseless counterclaims on behalf of their

1

client, Chase Bank, for the balance due on two credit card accounts. Now defendants Weld, Riley, Prenn, Ricci, S.C. and Steffes have moved to dismiss the claims against them under Fed. R. Civ. P. 12(b)(6). Dkt. #8. Because defendant Mann Bracken, LLC and the Doe defendants have not joined in the motion, I will refer to Weld, Riley, Prenn & Ricci S.C. and Steffes as defendants in this opinion. Jurisdiction is present. 15 U.S.C. § 1692k(d); 28 U.S.C. §§ 1331 and 1367.

Plaintiff's claims raise an interesting issue about the applicability of the Fair Debt Collection Practices Act to state court debt collection litigation. Although the Supreme Court has held that the Act applies to an attorney's debt collection litigation activities on behalf of a client, it is not clear to what extent the Act regulates the content of state court pleadings. Plaintiff asserts that the counterclaims lack an evidentiary basis and that defendants should have known that the debt was invalid. Defendants contend that they filed the counterclaims in good faith and conducted lawful collection activities in response to plaintiff's efforts to invalidate an arbitration award that their client had obtained. They also assert that plaintiff has failed to demonstrate how the Uniform Commercial Code applies in this case.

Although I find many of plaintiff's allegations conclusory, I conclude that she has done just enough to state a claim under the FDCPA and the Wisconsin Consumer Act. Plaintiff's allegations that defendants ignored evidence of her debt cancellation and

2

misrepresented the existence, or at least the amount, of her debt are sufficient to state a claim under both Acts. Therefore, I am denying defendants' motion to dismiss plaintiff's Fair Debt Collection Practices Act and Wisconsin consumer law claims against them. With respect to plaintiff's remaining claim against defendants, I cannot infer from the factual allegations in the complaint that plaintiff has plausible grounds for asserting a claim under the Wisconsin Uniform Commercial Code. Therefore, that claim against defendants will be dismissed without prejudice to her amending it to correct these deficiencies.

Before setting forth the allegations of fact, I note that the parties have submitted several documents related to their settlement negotiations and filings in the underlying state court action. Generally, a court cannot consider documents outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6) without converting the motion into one for summary judgment under Rule 56. However, I am able to consider the documents submitted by the parties because they are central to plaintiff's claims, were attached to the complaint or referred to in it and, in most cases, are matters of public record. Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002); Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993).

3

From plaintiff's complaint, the documents attached to it and the state court filings submitted by defendants, I find that plaintiff has fairly alleged the following facts relevant to the motion to dismiss.

ALLEGATIONS OF FACT

Plaintiff is a resident of Turtle Lake, Wisconsin. Defendant Weld, Riley, Prenn & Ricci, S.C. is a law firm located in Eau Claire, Wisconsin that engages in debt collection activities in Wisconsin and Minnesota. Defendant Ryan Steffes is an attorney with the law firm.

In a letter dated March 10, 2008, defendant Mann Bracken notified plaintiff that her outstanding VISA account with Chase Bank USA, N.A. had been referred to it for collection. Mann Bracken informed plaintiff that her account agreement with Chase Bank included an arbitration provision for the resolution of all claims or disputes. On April 8, 2008, plaintiff responded to Mann Bracken that she was disputing the validity of the debt and demanded supporting documentation. On April 14 and 16, 2008, Mann Bracken notified plaintiff that it had filed a claim with the National Arbitration Forum with respect to her Chase Bank Visa debt. In May 2008, plaintiff received a one-page document entitled Basic Account Information and a one-page document entitled Detailed Account Information from Mann Bracken. Neither document established, validated or verified plaintiff's alleged debt.

4

On September 30, 2008, the National Arbitration Forum sent plaintiff a document entitled Second Notice of Arbitration, outlining her rights to respond. On October 27, 2008, the National Arbitration Forum notified plaintiff and Mann Bracken that an award had been issued in favor of Chase Bank in the amount of $18,107.55. Later, Chase Bank sent plaintiff a 2008 tax year form entitled "1099-C Cancellation of Debt," which indicated that a debt in the amount of $16,898.21 had been canceled on November 9, 2008.

On January 26, 2009, plaintiff filed a civil action against Chase Bank in the Circuit Court for Polk County to "vacate" the arbitration award, asserting that she never entered into an arbitration agreement. Defendant Weld, Riley, Prenn & Ricci entered an appearance for Chase Bank in that lawsuit.

On June 24, 2009, defendant Steffes filed a counterclaim in the state court action seeking judgment on plaintiff's unpaid Chase Bank Visa account in the amount of $18,107.55. In support, defendant attached a copy of an unsigned cardmember agreement, plaintiff's monthly account summaries and a copy of the arbitration award. On August 12, 2009, plaintiff sent a proposed settlement letter to defendant Steffes. In exchange for not filing a federal lawsuit, plaintiff sought dismissal of the counterclaim, revocation of the arbitration award, closure of Chase Bank's file on the Visa account, removal of any notations made on her credit report, an agreement that a 1099-C forgiveness of debt not be issued and payment of $5,000. That same day, defendant Steffes rejected plaintiff's settlement offer

5

on behalf of Weld, Riley, Prenn & Ricci and expressed the firm's intent to pursue its counterclaim. However, Steffes made a counteroffer to settle all claims relating to plaintiff's account for $12,070. Plaintiff rejected the counteroffer. In October 2009, defendant Steffes filed an amended counterclaim in the state court action relating to plaintiff's Mastercard account with Chase Bank, seeking judgment in the amount of $37,392.92. In support, defendant attached a copy of an unsigned cardmember agreement and plaintiff's monthly account summaries.

On October 13, 2009, plaintiff filed this lawsuit, alleging that defendants Weld, Riley, Prenn & Ricci and Steffes violated §§ 1692d, 1692e and 1692f of the Fair Debt Collection practices Act; §§ 427.104(1)(c), (e), (h), (j) and (k) of the Wisconsin Consumer Act; and the "federal and state" Uniform Commercial Code.

## OPINION

A claim should be dismissed under Fed. R. Civ. P. 12(b)(6) when the allegations in a complaint could not raise a claim of entitlement to relief, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007), even when they are construed as true and draw all reasonable inferences are drawn in plaintiff's favor, as the law requires. Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). The first question is whether plaintiff's allegation that defendants filed a baseless counterclaim against her in state court is sufficient to state a plausible claim

6

against defendants for violation of numerous provisions of the Fair Debt Collection Practices Act, the Wisconsin Consumer Act and the Uniform Commercial Code. Plaintiff asserts that defendants knew or had reason to know that the counterclaims lacked evidentiary support because in 2008, Chase Bank sent her a 1099-C form canceling her debt. According to plaintiff, she was never indebted to Chase Bank and defendants' evidence of the alleged debt is fraudulent. She asserts that defendants never reviewed her file, relied on computer printouts that did not provide "sufficient information or evidence to prove the debt" and produced unsigned agreements as evidence of her alleged debts. Dkt. #1.

### A. Consumer Protection Laws

The Fair Debt Collection Practices Act (FDCPA) "was enacted by Congress to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether there is a valid debt owed." Krawczyk v. Centurion Capital Corp., 2009 WL 395458, *9 (N.D. Ill. Feb. 18, 2009) (citing Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982)). To this end, the FDCPA prohibits the following conduct by a debt collector:

- Harassment, oppression or abuse. 15 U.S.C. § 1692d(3).

- Making false, deceptive or misleading misrepresentations, including that related to the following:

    ▸ misrepresenting the character, amount or legal status of any debt, § 1692e(2)(A), or services rendered or

7

       compensation which may be lawfully received by any debt collector for the collection of a debt, § 1692e(2)(B);

- making a false representation that an individual is an attorney or that a communication is from an attorney, § 1692e(3);

- telling a debtor that nonpayment of debt will result in arrest or imprisonment or seizure, garnishment, attachment or sale of property or wages of debtor, unless such action is lawful and debt collector intends to take such action, § 1692e(4);

- threatening to take action that cannot legally be taken or is not intended to be taken, § 1692e(5);

- implying that a consumer committed a crime or other conduct in attempt to disgrace the consumer, § 1692e(7);

- communicating or threatening to communicate false credit information, including failing to communicate that a disputed debt is disputed, § 1692e(8);

- making a false representation or using deceptive means to collect or attempt to collect debt or obtain information about consumer, § 1692e(10); and

- making a false representation or implying that documents are legal process, § 1692e(13).

• Using unfair or unconscionable means to collect a debt, including collecting an amount that is not expressly authorized by the agreement. § 1692f(1).

• Continuing collection activities before the debt collector obtains verification of the debt or a copy of a judgment. § 1692g(b).

8

> Designing, compiling and furnishing any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection. § 1692j(a).

In similar fashion, Wis. Stat. § 427.104(1) does not allow a debt collector to:

> (a) Use or threaten force or violence to cause physical harm to the customer or the customer's dependents or property;

> \* \* \*

> (c) Disclose or threaten to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false;

> \* \* \*

> (e) Disclose or threaten to disclose to a person other than the customer or the customer's spouse information affecting the customer's reputation. . .;

> \* \* \*

> (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer;

> (i) Use obscene or threatening language in communicating with the customer or a person related to the customer;

> (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist;

> (k) Use a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney-at-law when it is not;

> \* \* \*

9

The parties agree that plaintiff is a consumer as that term is defined in § 1692a(3) and that she is a customer under Wis. Stat. § 421.301(17). Defendants concede for purposes of argument that they are debt collectors under the statutes.

Both the FDCPA and the Wisconsin Consumer Act prohibit debt collectors from bringing or threatening to bring what they know or should know to be false claims. Further, the Supreme Court has made clear that the FDCPA applies to lawyers regularly engaged in consumer debt collection activity on behalf of creditors, "even when that activity consists of litigation." Heintz v. Jenkins, 514 U.S. 291, 299 (1995). However, in Heintz, the Court did not consider whether filing a debt collection claim without adequate proof can constitute harassment or a deceptive practice under the FDCPA. The "litigation activity" at issue in Heintz was a settlement letter, not a complaint or other pleading.

In Heintz, Darlene Jenkins defaulted on a loan from a bank and the bank sued to recover the debt. Id. at 293. In a proposed settlement letter to Jenkins's lawyer, George Heintz, the bank's lawyer, listed an amount that Jenkins purportedly owed. Id. Jenkins sued Heintz under §§ 1692e(2) and 1692f, alleging that the amount included a sum owed for insurance that was not authorized by the loan agreement. Id. The Supreme Court found that such conduct fell within the range of reasonable interpretations of the FDCPA's express language. Id. at 298. What remains unclear is to what extent the FDCPA controls the

10

content or form of state court pleadings, which arguably are within the purview of the state court.

Defendants cite Beler v. Blatt Hasenmiller Leibsker & Moore, 480 F.3d 470, 473 (7th Cir. 2007), in which the Court of Appeals for the Seventh Circuit raised this very question. In Beler, the plaintiff filed an FDCPA lawsuit against a law firm, claiming that the firm's state court complaint and supporting affidavit violated § 1692e of the FDCPA because the descriptions of the contracts between the merchant, transaction processor and creditor were confusing. Id. at 472. The court of appeals noted that "[t]his theory assumes that the [FDCPA] regulates the contents of complaints, affidavits, and other papers filed in state court." Id. The court said that "it is far from clear that the FDCPA controls the contents of pleadings filed in state court." It noted that in its earlier decision in Thomas v. Simpson & Cybak, 392 F.3d 914 (7th Cir. 2004), it had suggested that "the state's rules of procedure, not federal law, determine which facts, and how much detail, must be included in documents filed with a clerk of court for presentation to a judge." Beler, 480 F.3d at 473. However, the court concluded that it was unnecessary to resolve the issue. Notably, it cited Heintz only to establish that the law firm was a debt collector under the act. Id. at 472. In a recent unpublished opinion with no precedential value, the court of appeals cited its decision in Beler in finding that an attorney's attempt to obtain a lien on plaintiff's bank account did

11

not violate the FDCPA.  Gillard v. Michalakos, 2010 WL 457238, *1 (7th Cir. Jan. 29, 2010).

Before the decision in Beler, the Court of Appeals for the Sixth Circuit held in Harvey v. Great Seneca Financial Corp., 453 F.3d 324, 330-31 (6th Cir. 2006), that the filing of a lawsuit did not amount to an abusive act under the FDCPA. .  The plaintiff had alleged that defendant's filing of a debt collection lawsuit "without the immediate means of proving the existence, amount, or true owner of the debt" constituted harassment and a deceptive practice under the FDCPA.  Id, at 330-31.  The court disagreed, finding that "[e]ven when viewed from the perspective of the unsophisticated consumer, the filing of a debt collection lawsuit . . . does not have the natural consequence of harassing, abusing or oppressing the debtor.  Any attempt to collect a defaulted debt will be unwanted . . . but employing the court system . . . cannot be said to be an abusive tactic under the FDCPA."  Id.  However, the court took care to point out that the plaintiff did not deny owing the debt or allege that defendant misstated or misrepresented the debt amount, failed to undertake a reasonable investigation into whether or not her debt existed or made false representations.  Id. at 332.

In a recent opinion, the Court of Appeals for the Ninth Circuit relied on Heintz in holding that a complaint served directly on a debtor (rather than on the debtor's counsel) to facilitate a debt collection is a communication subject to the requirements of the FDCPA. Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1031-32 (9th Cir. 2010).  In Donohue, the debtor claimed that the creditor's complaint violated the FDCPA because it contained a false

representation about the way it had calculated the interest owed on her debt. Id. at 1031. Although the creditor relied on Beler to assert that a complaint was not a communication subject to the FDCPA, the court rejected the argument, noting that in Beler, the Seventh Circuit never reached a decision on whether § 1692e applies to the process of litigation. Id. According to the court, "[c]oncluding otherwise would put our decision in tension with the Supreme Court's reasoning in Heintz." Id. at 1032.

Despite Beler, other district courts in the Seventh Circuit have allowed debtors to bring FDCPA claims alleging false statements and unfair acts during state court proceedings. E.g., Guevara v. Midland Funding NCC-2 Corp., 2008 WL 4865550, *5 (N.D. Ill. Jun. 20, 2008) (plaintiff may state FDCPA claim based on alleged misrepresentation and unfair collection practices in state court complaint); Polzin v. Unifund CCR Partners, 2008 WL 2324618, *4 (E.D. Wis. Jun. 5, 2008) (granting leave to proceed on a FDCPA claim that creditor falsely stated amount of legal interest associated with debt in state court filings); Parkis v. Arrow Financial Services, LLS, 2008 WL 94798 (N.D. Ill. Jan. 8, 2008) (denying summary judgment on FDCPA claim for filing state court complaint that attempted to collect time-barred debt); Jenkins v. Centurion Capital Corp., 2007 WL 4109235, at *2-3 (N.D. Ill. Nov. 15, 2007) (denying motion to dismiss claim alleging failure to attach contract and details of assignments to state court complaint); Foster v. Velocity Investments, LLC, 2007 WL 2461665, at *2 (N.D. Ill. Aug. 24, 2007) (denying motion to dismiss claim

13

alleging misstatement of principal balance as including both principal and interest in state court complaint). These courts note that although the Seventh Circuit has questioned the applicability of the FDCPA to state court filings, it has not decided that issue. Guevara, 2008 WL 4865550, *5; Foster, 2007 WL 2461665, *2. Defendants distinguish Beler on the additional ground that the plaintiff in that case challenged the form or sufficiency of a state complaint and not any false representations in the pleadings.

I find the reasoning in these district court cases to be persuasive. Because Heintz makes it clear that the conduct of a debt-collection attorney during litigation is subject to review under the FDCPA, an attorney's alleged misrepresentation of a fact or filing of a frivolous counterclaim could be a sufficient basis for an FDCPA suit. In fact, in the past, the Seventh Circuit has found that such conduct violated the FDCPA. E.g., Veach v. Sheeks, 316 F.3d 690, 691-92 (7th Cir. 2002) (notice of claim filed in small claims court misleading because it failed to specify amount of debt); Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (state court complaint stated incorrectly that debt collection agency had right of subrogation).

However, as the Seventh Circuit suggests in Beler and Gillard, the mere filing of a counterclaim to recover an alleged debt does not constitute harassment or deception under the FDCPA just because the debtor alleges that the creditor has failed to adduce sufficient evidence of the existence of the debt. Even though a debtor may not believe that she owes

14

a debt or ultimately is able to prove that the debt is invalid, a creditor's use of the state court system to preserve its rights is not improper. Therefore, to prevail on defendants' motion to dismiss, plaintiff must do more than point out that counterclaims have been filed. She must allege that defendants' counterclaims are frivolous, based on blatant lies or misrepresent a key fact. She has done this.

Plaintiff alleges that defendants knew or should have known that she does not owe a debt to Chase Bank. Her strongest argument is that *after* the arbitration award in 2008, Chase Bank issued her a 1099-C form canceling her debt. It is unclear whether this form relates to either of plaintiff's alleged debts with Chase Bank. If Chase Bank had discharged all or even a large part of plaintiff's debt, defendants' counterclaims would contain a misrepresentation of fact, at least about the amount of the debt. The Seventh Circuit has held that "§ 1692e applies even when a false representation was unintentional." Gearing v. Check Brokerage Corp., 233 F.3d 469, 472 (7th Cir. 2000) (citing Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996) (because Act imposes strict liability, consumer need not show intentional conduct by debt collector to be entitled to damages)); see also Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004) ("[Section] 1692e(2)(A) creates a strict-liability rule"). Further, "the test for determining whether a debt collector violated § 1692e is objective, 'turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated,

15

but reasonable, consumer.'" Krawczyk, 2009 WL 395458, *8 (quoting Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995 (7th Cir. 2003)). Although defendants can avoid liability by proving the violation resulted from a "bona fide error" and occurred "notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," Jenkins v. Heintz, 124 F.3d 824, 828 (7th Cir. 1997), those are questions for summary judgment or trial.

Plaintiff also notes that defendants attached copies of unsigned credit card contracts to the counterclaims and alleges that she never entered into such agreements. This claim is actionable to the extent that plaintiff is alleging that defendants lied about her having an agreement with Chase Bank. However, the specific agreement attached to defendants' counterclaims "has no impact on the truth or falsity of the amount of the debt; it may have some bearing on the ultimate weight of the evidence, but failing to attach the [signed] agreement to the complaint does not make the allegation of indebtedness 'false.'" Krawczyk, 2009 WL 395458, *9. In any event, it would be up to the state court to determine what should be attached to a state court pleading. Id.

As a final matter, I note that plaintiff's claims of harassment and deception may seem premature because the state lawsuit is only in its beginning stages. There also is a risk that pursing both lawsuits at the same time will create inconsistencies and inefficiencies. However, the Seventh Circuit has recognized that "overlapping and not entirely congruent

16

remedial systems can coexist." Randolph, 368 F.3d at 731. "That's the lesson of Heintz [], which applied the FDCPA to lawyers engaged in collecting debts through litigation, despite the many differences between the FDCPA and the rules of procedure that apply to other litigation." Id. at 731-32.

In sum, I am satisfied that plaintiff has alleged sufficient facts to state a claim under the FDCPA and the Wisconsin Consumer Act. Because defendants generally argue that their conduct does not violate any of the sections of the statutes cited by plaintiff, I will not determine what specific provisions of either Act that plaintiff may sue under. Although it seems unlikely that plaintiff can sue under every section of the statutes that she cites, I will address that question at a later stage of this lawsuit.

### B. Uniform Commercial Code

Plaintiff alleges that defendants are relying on nonexistent contracts to prove her debt to Chase Bank. Under plaintiff's theory, these "contracts" are subject to regulation under the Uniform Commercial Code, Wis. Stat. Chs. 403-405. Although plaintiff refers to the "federal Uniform Commercial Code," there is no such thing. The Uniform Commercial Code is a model code that states may choose to adopt in full or in part.

As defendants assert, plaintiff fails to identify how defendants have violated Wisconsin law. She generally states that "chapters 403-405 et seq. are relevant and support

17

[her] argument that Defendants violated the aforementioned statutes by attempting to collect on the alleged business transactions of Plaintiff with Chase Bank." Dkt. #13 at 7. However, plaintiff's vague references to negotiable instruments (Chapter 403), bank deposits and collections (Chapter 404) and letters of credit (Chapter 405) are insufficient to state a claim upon which relief may be granted under these statutes. Fed. R. Civ. P. 8 requires plaintiff to include in her complaint enough detail about what defendants did to show a real possibility (and not just a guess) that plaintiff might be able to prove each element of her claim after she has an opportunity to fully investigate it. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Riley v. Vilsack, ___F. Supp. 2d___, 2009 WL 3416255, *9 (W.D. Wis. Oct. 21, 2009). Because the facts do not permit me to infer that plaintiff might be able to prove that defendants violated any particular provision of Wisconsin's Uniform Commercial Code, that claim against defendants will be dismissed without prejudice to plaintiff's amending it to correct these deficiencies.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Weld, Riley, Prenn & Ricci, S.C. and Ryan Steffes, dkt. #8, is GRANTED in part and DENIED in part:

1. Defendants' motion to dismiss plaintiff Dawn Eichman's claims brought under the Fair Debt Collection Practices Act and the Wisconsin Consumer Act is DENIED.

2. Defendants' motion to dismiss plaintiff's claim under the Uniform Commercial Code is GRANTED. That claim will be DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until March 19, 2010 in which to amend her complaint to repair the pleading defects discussed in this opinion.

Entered this 25th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge