IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAWN M. EICHMAN,

                                        Plaintiff,

v.                                       ORDER

                                              09-cv-624-slc

MANN BRACKEN, LLC;
WELD, RILEY, PRENN & RICCI S.C.;
RYAN J. STEFFES;
JOHN DOE, ONE UP;
and JANE DOE, ONE UP,

                                      Defendants.
_____

       In an order entered in this case on October 14, 2009, I advised plaintiff that it was her responsibility to serve defendants Mann Bracken, LLC; Weld, Riley, Prenn, Ricci, S.C.; and Ryan Steffes with the complaint and file proof of service as soon as she had it. I noted that the Fed. R. Civ. P. 4(m), allows a plaintiff 120 days after filing a complaint in which to serve the defendant, but that the 120-day deadline is the outside limit. I advised plaintiff that if she acted diligently, she should be able to serve her complaint on the defendants and file proof of service by November 27, 2009. Plaintiff successfully served her complaint on defendants Weld, Riley, Prenn, Ricci, S.C. and Ryan Steffes, however to date, plaintiff has not filed proof of service on defendant Mann Bracken, LLC or explained her failure to do so.

       On November 13, 2009, plaintiff advised that her initial attempt at serving Mann Bracken, LLC had been unsuccessful and she requested additional summons forms. Plaintiff noted that if she quickly received issued summons forms she believed she would be able to meet the November 27, 2009 deadline for filing proof of service. Court records reflect that on November 17, 2009 summons forms were sent to plaintiff for service on defendant Mann Bracken, LLC. Since that time however, neither proof of service nor an appearance from defendant Mann Bracken, LLC has been filed.

Although the 120 deadline for serving the complaint expired on February 23, 2010, I will allow plaintiff until March 19, 2010 to file either proof of service of the summons and complaint on Mann Bracken, LLC or explain to the court in writing what steps she has taken to serve her complaint on this defendant. If plaintiff fails to respond to this order by March 19 Mann Bracken, LLC will be dismissed from this action without prejudice to plaintiff's filing a new lawsuit against this defendant at a later date. Additionally, if plaintiff has abandoned prosecution of Mann Bracken, LLC, she need not include allegations against this defendant in the amended complaint plaintiff has been ordered to file pursuant to the February 25, 2010 court order.

ORDER

IT IS ORDERED that plaintiff may have until March 19, 2010, in which to file proof of service or advise the court what steps she has taken to serve her complaint on defendant Mann Bracken, LLC . If, by March 19, 2010, plaintiff fails to respond to this order, Mann Bracken, LLC will be dismissed without prejudice to plaintiff's filing a new lawsuit against this defendant at a later date.

Entered this 1st day of March, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge